TELAMARKETING INVESTMENTS, LTD., ALSO KNOWN AS
TELAMARKETING INVESTMENTS, INC., ALSO KNOWN AS
TELAMARKETING COMMUNICATIONS, INC., APPELLANT, V. STATE
BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
MIDAMERICAN LONG DISTANCE COMPANY, APPELLANT, V. STATE
BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

466 N.W.2d 82

Filed March 1, 1991.   Nos. 89-935, 89-936.

Larry V. Albers, of Erickson & Sederstrom, P.C., for appellants.

Robert M. Spire, Attorney General, and L. Jay Bartel for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal under Neb. Rev. Stat. § 77-510 (Reissue 1990) from the order of the Nebraska State Board of Equalization and Assessment (Board) denying the request of TelaMarketing Investments, Ltd., also known as TelaMarketing Investments, Inc., also known as TelaMarketing Communications, Inc. (TMC), a public service entity, for equalization of its centrally assessed property. Pursuant to this court's order of September 11, 1989, TMC and MidAmerican Long Distance Company (MidAmerican) filed "cases stated" in accordance with Neb. Ct. R. of Prac. 5L (rev. 1989),

separately setting forth the rulings of the Board complained of and the exceptions and contentions of the parties with respect to those issues. Due to an identity of issues and counsel, we have consolidated the appeal of TMC (case No. 89-935) with that of MidAmerican (case No. 89-936) for disposition.

The procedural facts are essentially the same as those set forth in *Natural Gas Pipeline Co. v. State Bd. of Equal., ante* p. 357, 466 N.W.2d 461 (1991). TMC and MidAmerican are public service entities within the meaning of Neb. Rev. Stat. § 77-801.01 (Reissue 1990) and conduct business operations in Nebraska as long-distance telecommunications companies known as resellers. Their property is centrally assessed for property tax purposes pursuant to Neb. Rev. Stat. §§ 77-801 et seq. (Reissue 1990).

On August 11, 1989, TMC and MidAmerican appeared before the Board and asked that their property be equalized with that of other centrally assessed taxpayers, including railroads and carline companies.

As in *Natural Gas Pipeline Co., supra*, the Board, in its order of August 15, 1989, construed TMC's and MidAmerican's requests for equalization as applications for tax exemption and concluded that it had no statutory or constitutional authority to rule upon such claims.

TMC and MidAmerican contend on appeal that the Board erred in dismissing their requests for equalization of their property with that of the railroads, carline companies, and pipeline companies operating in Nebraska. The Board contends that the enactment of L.B. 1 and L.B. 7 on November 21, 1989, renders this appeal moot.

The issues raised in this appeal are disposed of by *Natural Gas Pipeline Co., supra*. Therefore, the causes are remanded to the Board for further proceedings consistent with our opinion in *Natural Gas Pipeline Co.*

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.